```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 25, 2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

STEVEN HART,

        Defendant.

15 Cr. 84-1 (KPF)

ORDER

KATHERINE POLK FAILLA, District Judge:

    On March 13, 2015, Defendant Steven Hart pleaded guilty to a two-count information charging him with obstruction of justice and perjury; the charges related to an investigation by the U.S. Securities and Exchange Commission into Hart's trading conduct. (*See* Dkt. #2 (Information); Dkt. #9 (transcript of guilty plea proceeding)). On August 6, 2015, the Court sentenced Hart to concurrent terms of four months' imprisonment on each of Counts One and Two, and further ordered that the terms of imprisonment be followed by concurrent terms of two years' supervised release. (*See* Dkt. #15 (judgment)).

    Hart was released from custody in March 2016, at which time he began serving his term of supervised release. By letter dated May 8, 2017, Hart sought the early termination of his supervised release; the Court understands this application to have been made pursuant to 18 U.S.C. § 3583(e) and Rule 32.1(c) of the Federal Rules of Criminal Procedure. (Dkt. #19).

    Section 3583(e) provides that a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one

year of supervised release ... if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States* v. *Key,* 602 F.3d 492, 494 (2d Cir. 2010); *see generally United States* v. *Chaar,* No. 00 Cr. 217 (JGK), 2005 WL 1844773, at *1 (S.D.N.Y. Aug. 3, 2005) ("A continued period of supervised release is unnecessary for deterrence, protection of the public or to reflect the seriousness of the offense for which the defendant has already completed a substantial prison term and [more than] half the period of supervised release.").

The district court must consider factors including "deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States* v. *Lussier,* 104 F.3d 32, 36 (2d Cir. 1997). In this regard, the Second Circuit has recognized that "[o]ccasionally, changed circumstances" — such as "exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release — will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* And courts have also granted such motions where the conditions of supervised release themselves impede a fully compliant defendant's ability to obtain employment or reintegrate into society. *See, e.g., Whittingham* v. *United States,* No. 12 Cr. 971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) (collecting cases, including *United States* v. *Arellano,* No. 13 Cr. 33 (RJS), where court granted early termination of supervised

release because conditions impeded supervisee "from obtaining a better and more secure job" "for which he ha[d] applied and otherwise [was] eligible").

Notably, a defendant's full compliance with the terms and conditions of supervised release, standing alone, is insufficient. *See United States* v. *Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."); *accord United States* v. *Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States* v. *Ouvina*, No. 10 Cr. 970 (ILG), 2013 WL 323339, at *1 (E.D.N.Y. Jan. 28, 2013) ("[C]ompli[ance] with the conditions of probation .... is precisely what [the defendant] was required to do — in lieu of imprisonment.")

A district court need not make specific findings of fact with respect to each of the § 3553(a) factors; instead, "a statement that the district court has considered the statutory factors is sufficient." *United States* v. *Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003) (quoting *United States* v. *Gelb*, 944 F.2d 52, 56-57 (2d Cir. 1991)) (alterations omitted). This Court has analyzed Hart's request through the prism of § 3553(a), and concludes that early termination of Hart's supervised release is not warranted on this record. The Court understands from Hart and from his supervising probation officer, Jessica Grady, that Hart has been fully compliant with his conditions of supervised release. This is, as discussed above, an insufficient basis on its own for

termination.  The Court is further advised by Hart and Grady that Hart's reporting obligations are principally accomplished online, and that the actual burden of discharging those obligations is quite modest.  Hart does not suggest, for example, that reporting online for a few minutes each month has hampered his ability to work or to engage in the various charitable efforts outlined in his May 8 letter.  In the absence of more detailed (and substantiated) reasons why supervised release should be terminated, the Court denies Hart's motion.

SO ORDERED.

Dated: May 25, 2017
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

*Sent by First Class Mail to:*
Steven Hart
155 West 68th Street, Apt. 27E
New York, New York 10023